

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00155-CR

DOVIE JENNINGS, III, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2001-C-063

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Pursuant to a plea bargain, Dovie Jennings, III, pled guilty to assault of a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b)(1) (Supp.). The trial court found Jennings guilty, sentenced him to two years' confinement in state jail, suspended his sentence, and placed him on community supervision for two years. The trial court also assessed a fine of $1,000.00, court costs of $325.00, and attorney fees of $450.00. The trial court later extended the time for Jennings to complete two of the conditions of community supervision. Ultimately, the trial court revoked Jennings's community supervision after he pled true to the State's allegations that he violated the terms of his community supervision in four ways. After revoking Jennings's community supervision, the trial court sentenced him to two years' confinement in state jail. Jennings appeals.

Jennings's attorney filed a brief stating that she reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the trial court proceedings. Since counsel provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 16, 2024, counsel mailed copies of the following to Jennings: (1) counsel's *Anders* brief, (2) counsel's motion to withdraw, and (3) a motion for pro se access to the appellate record lacking only Jennings's signature and the date. Counsel also advised Jennings that he had until January 31 to mail the motion for pro se access back to this Court. On February 12, 2024, this Court notified Jennings that a pro se response was due on or before March 4, 2024. We received neither a pro se response from Jennings nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). However, non-reversible error exists, and we will consider that error below.

## I.      Correct Jennings's Name in the Judgment

We find non-reversible error in the judgment and correct Jennings's name in the judgment. "[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (comprehensively discussing appellate cases that have modified judgments in *Anders* cases).

In the "Judgment Revoking Community Supervision," Jennings's name is stated to be "Dovie Jennings." Jennings testified his name is "Dovie Jennings, III." Thus, we modify the "Judgment Revoking Community Supervision" and change Jennings's name from "Dovie Jennings" to "Dovie Jennings, III."

3

## II.    Change Bill of Costs

We have also reviewed the certified bill of costs. Jennings was imposed a time payment fee totaling $25.00 and another time payment fee "[i]f total court costs, reimbursement fees, and fines [were] not paid within 30 days of the Judgment." The Texas Court of Criminal Appeals has recently concluded that time payment fees like those imposed here "must indeed be struck for being prematurely assessed because a defendant's appeal suspends the duty to pay court costs and therefore suspends the running of the clock for the purposes of the time payment fee." *Dulin v. State*, 620 S.W.3d 129, 129 (Tex. Crim. App. 2021). "As a consequence, even now, assessment of the time payment fee in this case would be premature because appellate proceedings are still pending." *Id.*

Pursuant to *Dulin*, we strike the time payment fee "in [its] entirety, without prejudice to [it] being assessed later if, more than 30 days after the issuance of the appellate mandate, the defendant has failed to completely pay any fine, court costs, or restitution" owed. *Id.* at 133.

We modify the bill of costs by deleting the following three entries:

| | |
|---|---|
| Time Payment Fee - County 1 | 2.50 |
| Time Payment Fee - County 2 | 10.00 |
| Time Payment Fee - State | 12.50 |

We also modify the bill of cost by deleting the following: "If total court costs, reimbursement fees, and fines are not paid within 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed pursuant to the applicable statutes and related case law. (CCP § 102.030)."

We have reviewed the other costs. "Only statutorily authorized court costs may be assessed against a criminal defendant." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014) (citing TEX. CODE CRIM. PROC. ANN. art. 103.002). On appeal, "we review the assessment of court costs . . . to determine if there is a basis for the cost." *Id.* at 390. Based upon that review, we delete the "Judicial and Court Personnel Training Fee" of $2.00 because that fee was applicable only to civil cases at the time it was in effect. *See* Act of May 29, 2021, 87th Leg., R.S., ch. 472, § 5.01(c)(14), 2021 Tex. Gen. Laws 934, 950 (effective 2022) (repealing TEX. GOV'T CODE ANN. § 51.971). We also reduce the "Records Management and Preservation Fee - County" from $40.00 to $25.00. *See* Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 1.19(3), 2019 Tex. Gen. Laws 3981, 3992 (effective 2020) (repealing TEX. CODE CRIM. PROC. ANN. art. 102.005(f)).

As modified, we affirm the trial court's judgment.[1]

Jeff Rambin
Justice

Date Submitted:     March 4, 2024
Date Decided:       April 3, 2024

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.